UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALOYSIUS HENDERSON,

    Plaintiff,

v.                                            CASE NO.: 8:09-cv-2467-T-23TGW

RICOH AMERICAS CORPORATION,

    Defendant.
_____/

## **ORDER**

The plaintiff sues (Doc. 2) for a violation of the Florida Civil Rights Act. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the defendant removes (Doc. 1). The plaintiff moves (Doc. 4) to remand and the defendant responds (Doc. 7) in opposition.

The plaintiff, a "black" male, worked as a salesperson for the defendant from June, 2008, until September, 2009. Beginning in November, 2008, the plaintiff's supervisor, a "white" male, allegedly "discriminated against [the plaintiff] on account of [the plaintiff's] race and color, including but not limited to repeatedly referring to [the plaintiff] as the "token [b]lack." In response to the plaintiff's discrimination complaint, the defendant allegedly (1) refused to perform any remedial measure and (2) threatened retaliation against the plaintiff for the plaintiff's complaining of discrimination. After receiving a right-to-sue letter from the Equal Employment Opportunity Commission, the plaintiff received from the plaintiff's supervisor a written warning purportedly in retaliation for the plaintiff's complaining of discrimination. Additionally, the defendant

allegedly retaliated (1) by demanding an "unreasonable and unrealistic" level of performance by the plaintiff, (2) by intentionally hindering the plaintiff from reaching the plaintiff's "monthly sales quota" by reducing the plaintiff's share of a commission; and (3) by terminating the plaintiff's employment in September, 2009.  The plaintiff seeks damages "in excess of $15,000.00" exclusive of attorney's fees and costs, which amount includes compensatory and punitive damages as well as pre-judgment interest.

In moving to remand, the plaintiff asserts that the defendant fails to establish that the amount in controversy exceeds $75,000.00.  "[I]n the removal context[,] [if] damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."  Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007) (Tjoflat, J.) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996)).  Under 28 U.S.C. § 1446(b), an action is removable either (1) on the basis of the initial pleading or (2) on the basis of "an amended pleading, motion, order or other paper" received from the plaintiff "from which it may be first ascertained that the case is one which is or has become removable."  If the notice of removal and any accompanying document are "insufficient to establish that removal was proper or that jurisdiction was present, neither the defendant[] nor the court may speculate in an attempt to makeup for the notice's failings."  483 F.3d at 1214-15 & n.67.  Post-removal discovery "for the purpose of establishing jurisdiction in diversity cases" is impermissible.  483 F.3d at 1215-18; Mathew v. S & B Eng'r & Const., Ltd., 2009 WL 249931 (M.D. Fla. 2009).  Furthermore, a plaintiff's refusal to stipulate that the plaintiff's claim is less than the jurisdictional amount is insufficient to

- 2 -

satisfy the defendant's burden of proof. Williams v. Best Buy Co. Inc., 269 F.3d 1316, 1320 (11th Cir. 2001).

In this instance, the defendant asserts that, because the plaintiff earned $57,803.40 from June, 2008, to September, 2009, the plaintiff's "lost wage claim is necessarily more than the $57,803.40 . . . ." Additionally, the defendant asserts (1) that the plaintiff's non-economic damages "potentially exceed[] the jurisdictional minimum;" (2) that, assuming trial occurs "a year from now, at the earliest," the plaintiff's "back pay claim" will amount to $57,803.40; and (3) that the court must consider the plaintiff's failure to stipulate that the plaintiff's damages fall short of the jurisdictional amount. In support of the defendant's argument, the defendant relies on Alshakanbeh v. Food Lion, LLC, 2007 WL 917354 (M.D. Fla. 2007) (Melton, J.). More persuasive, however, is the reasoning in Mathew v. S & B Eng'r & Const., Ltd., 2009 WL 249931 (M.D. Fla. 2009) (Covington, J.) and Snead v. AAR Mfg, Inc., 2009 WL 3242013 (M.D. Fla. 2009) (Moody, J.).[1] Both Mathew and Snead, relying on Lowery, remand an action to state court based on the defendant's failure to provide more than speculative assertions in support of removal. For example, in Snead, the defendant's showing "speculative calculations of damages through the date of trial and [the] [p]laintiff's failure to stipulate regarding the amount in controversy . . . ." failed to establish the jurisdictional amount. 2009 WL 3242013 at *3 (noting that, because Lowery "drastically changed the analysis of removal," the defendant could not rely on a calculation of damages through the date of trial). Similarly, in Mathew, the defendant's argument for removal based on

---

[1]Alshakanbeh was decided on March 23, 2007, a few weeks before the Eleventh Circuit's decision in Lowery on April 11, 2007.

$66,240.00 in back pay combined with "estimated compensatory damages" was too speculative to establish the jurisdictional amount. 2009 WL 249931 at *2-*3.

Accordingly, the defendant provides insufficient facts to establish the jurisdictional amount. The defendant allegedly fired the plaintiff a mere three months before removal. Thus, at the time of removal, the plaintiff's lost wage claim fell significantly short of $75,000.00. Any estimate of additional compensatory damages or punitive damages is purely speculative. Furthermore, the plaintiff's failure to stipulate to the amount in controversy is insufficient, without more, to support removal.

## Conclusion

Accordingly, the plaintiff's motion to remand (Doc. 4) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court for Hillsborough County, Florida. The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, Florida, (2) terminate any pending motion, and (3) close the case. To the extent that the plaintiff seeks an award of attorney's fees and costs, the plaintiff's request is **DENIED** because the defendant possessed, based on Alshakanbeh v. Food Lion, LLC, 2007 WL 917354 (M.D. Fla. 2007), an objectively reasonable basis for removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

ORDERED in Tampa, Florida, on December 22, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE